Vining, Admr., et al., Appellees, *v.* Stetler, Appellant.

(No. 479—Decided November 20, 1943.)

240

*Mr. Robert D. TouVelle, Mr. B. A. Myers* and *Mr. O. J. Myers,* for appellees.

*Mr. Jesse F. Beam, Mr. S. S. Beard* and *Messrs. Hoke & Wright,* for appellant.

MIDDLETON, J. E. O. Stetler commenced an action in the Court of Common Pleas of Van Wert county, Ohio, on June 20, 1935, against a number of defendants among whom was George Graubarger, now deceased, the plaintiff in the instant action being the administrator of his estate.

The action was based on a bond containing an alleged warrant of attorney. Pursuant to such alleged warrant of attorney, an attorney at law entered an appearance in the action and confessed judgment in favor of E. O. Stetler and against all defendants, including George Graubarger.

On October 5, 1935, George Graubarger, together with other defendants, filed his motion asking the court to vacate and set aside the judgment and to give the defendant an opportunity to answer.

The grounds stated in the motion, were, first, the several defendants have a valid defense against the bond sued upon herein; second, these defendants are not indebted to the plaintiff in any sum whatever; third, the defendants were never served with summons in the above entitled cause but the judgment was rendered upon an alleged warrant of attorney on the 20th day of June, 1935; and, fourth, such judgment was confessed against these answering defendants without proper legal or adequate authority, power or warrant.

This motion was sustained, the judgment was suspended, and leave was granted to file answer. Thereafter, on November 1, 1935, George Graubarger and other defendants filed an answer setting out six defenses. Later, an amended answer setting out four defenses was filed. A reply was filed to this amended

answer, on October 6, 1937. On February 14, 1940, C. L. Vining filed a motion suggesting the death of George Graubarger, stating that he was the duly appointed, qualified and acting administrator of the estate of George Graubarger, and asking to be made a party defendant. This motion was allowed. This case is now pending in the Court of Common Pleas of Van Wert county, Ohio, on the petition, the amended answer and the reply.

Thereafter, on June 21, 1943, C. L. Vining, as administrator of the estate of George Graubarger, and others filed a petition in the Court of Common Pleas of Mercer county, Ohio, against E. O. Stetler, setting forth the proceedings in the Court of Common Pleas of Van Wert county, Ohio, and in the prayer asked for injunction against E. O. Stetler from asserting any rights under and by virtue of the alleged judgment of the Van Wert county court; from causing any writ of execution to issue thereon; and from taking any steps to enforce such judgment.

The defendant E. O. Stetler filed a motion to quash the service of summons, on the grounds that the court did not have jurisdiction of the parties or the subject matter of the action, by reason of the pendency of the action in the Court of Common Pleas of Van Wert county. This motion was overruled and the defendant given leave to file answer. Defendant filed answer and, among other matters plead in the answer, set forth the defense that the Court of Common Pleas of Van Wert county had jurisdiction of the parties and the subject matter of the action, and that the Court of Common Pleas of Mercer county was therefore without jurisdiction.

The cause was submitted to the court on the pleadings and the evidence, and the court held the judgment of the Court of Common Pleas of Van Wert county void and of no effect, enjoined the defendant from

asserting any rights thereunder, and ordered that all liens, certificates of judgments and other proceedings created pursuant to such judgment be cancelled. Motion for new trial was filed and overruled.

This cause is in this court on questions of law and fact.

The only question is one of jurisdiction of the Court of Common Pleas of Van Wert county. If the Court of Common Pleas of Van Wert county has jurisdiction of the parties and subject matter, in the action there pending, then the judgment of the Court of Common Pleas of Mercer county must be reversed. On the contrary, if the Court of Common Pleas of Van Wert county does not have such jurisdiction, the judgment of the Court of Common Pleas of Mercer county must be upheld.

"If it were admitted that jurisdiction of the persons of the defendants was not acquired by the appearance of the attorney under the warrant, such jurisdiction was undoubtedly obtained by their voluntary appearance in the case, by filing their motion and petition, under Sections 535 and 536 (now Sections 11634 and 11635, General Code), asking to be let in to defend, etc. By making such application the defendants submitted their persons to the jurisdiction of the court, and must be bound by any judgment afterward rendered in the action." *Watson* v. *Paine,* 25 Ohio St., 340, at 346, 347.

Plaintiffs' motion to suspend the judgment of the Court of Common Pleas of Van Wert county was sustained, and leave granted to file answer, and answer was filed.

The defendants are afforded their day in court, the action is pending and undetermined in a court of competent jurisdiction and such court is proceeding to discharge its functions. All defenses raised can now be submitted to a jury.

If the court did not have jurisdiction of the persons of the parties defendant at the time the judgment was entered, the court obtained jurisdiction by reason of the filing of the motion and answer.

It is insisted that the plaintiffs are entitled to the relief asked, by reason of the holding in the case of *T. O. Hill* v. *Stephen Buchanan, Trustee,* Cause No. 475, decided by this court on December 5, 1941.

The facts, however, in the *Hill case* were different. In that case the motion to vacate was overruled by the trial court, and the judgment stood. A direct attack was made on the jurisdiction of the court over the person of defendant. In the instant case, the defendants in the Court of Common Pleas of Van Wert county sought the jurisdiction of the court. The judgment was suspended and the defendants filed answer. The case now stands at issue in the Court of Common Pleas of Van Wert county, and the plaintiffs in the case in the Court of Common Pleas of Mercer county are not entitled to the relief asked.

For the above reasons, judgment is rendered for the defendant. Petition is dismissed at plaintiffs' costs.

*Petition dismissed.*

GUERNSEY, P. J., and JACKSON, J., concur.